IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | :    Case No. 3:06cr192 |
| vs. | : |
| |    JUDGE WALTER HERBERT RICE |
| THOMAS BALLATO, | : |
| Defendant. | : |

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS (DOC. #85)

Defendant Thomas Ballato ("Defendant" or "Ballato") is charged in the Superseding Indictment (Doc. #79) with one count of attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  This case is now before the Court on the Defendant's Motion to Dismiss (Doc. #85), wherein he argues that this prosecution must be dismissed, because he has not been brought to trial within the time provided by the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, et seq.  Alternatively, he argues that the Court must dismiss the count of possession of child pornography, alone, since that charge was added by the Superseding Indictment (Doc. #79), which was filed more than 30 days after his initial appearance.  In addition, he argues that applying the factors set forth in 18

U.S.C. § 3162 leads to the conclusion that the dismissal of this prosecution must be with prejudice. As a means of analysis, the Court will initially discuss the parties' arguments concerning Ballato's assertion that he has not been brought to trial in the time provided by the Speedy Trial Act, following which it will turn to his contention the Court must dismiss the count of possession of child pornography, because he was not timely indicted for that offense under the STA. If the Court concludes that the Defendant is correct in either of those propositions, it will turn to the question of whether the dismissal should be with or without prejudice.

I.  Dismissal for Failure to Commence the Trial in Timely Fashion

Ballato argues that the Court must dismiss this prosecution, because of a violation of the STA, given that he was not brought to trial in the time permitted by 18 U.S.C. § 3161(c)(1), which provides in relevant part:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Of course, that 70 day period is subject to the periods of excludable delay contained in 18 U.S.C. § 3161(h).[1] Not surprisingly, Ballato contends that more than 70 non-excludable days had passed, before he filed his Motion to Dismiss (Doc. #79) on October 12, 2007, while the Government is of the opposite opinion. As a means of analysis, this Court will initially outline in general fashion the periods

---

[1] Under 18 U.S.C. § 3162(a)(2), an indictment must be dismissed, if the defendant is not brought to trial in the time provided by § 3161(c), as extended by § 3161(h).

- 2 -

of excludable delay set forth in § 3161(h), after which it will turn to question of whether more than 70 non-excludable days had passed, before Defendant filed his Motion to Dismiss (Doc. #79) on October 12, 2007.

As indicated, under § 3161(h), certain periods are excluded from the calculation of the speedy trial clock. In the instant prosecution, a number of the periods of excludable delay are applicable. Section 3161(h)(1) provides that "[a]ny period of delay resulting from other proceedings concerning the defendant" is excludable. Courts have interpreted the phrase "other proceedings concerning the defendant" broadly. United States v. Salerno, 108 F.3d 730 (7th Cir.), cert. denied, 521 U.S. 1122 (1997). District Courts possess the discretion to determine "the nature of those proceedings which fall within the 'other proceedings' language" of § 3161(h)(1). United States v. Lopez-Espindola, 632 F.2d 107, 110 (9th Cir. 1980). Section 3161(h)(1) also includes a list of illustrative, non-exhaustive examples of periods of delay which are excludable, including subdivisions (F) and (J), which provide:

> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> \*          \*          \*
> (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

In Henderson v. United States, 476 U.S. 321, 331-32 (1986), the Supreme Court held that, under § 3161(h)(1)(F), all time between the filing of a motion and the completion of the hearing on it is automatically excludable, regardless of whether a delay in holding the hearing is reasonable. Id. at 326-30. The Henderson Court also held that the period of time during which a court awaits post-hearing

submissions is also automatically excludable under § 3161(h)(1)(F). Id. at 330-31. Indeed, the Supreme Court held in Henderson that "all time that is consumed in placing the trial court in a position to dispose of a motion" is automatically excludable. Id. at 331. In addition, the Sixth Circuit and other courts have held that the filing of any motion tolls the running of the speedy trial clock, under § 3161(h)(1)(F) and (J). See e.g., United States v. Jenkins, 92 F.3d 430, 440 (6th Cir. 1996) (motion to seal tolls speedy trial act); United States v. Bruce, 1996 WL 640468 (6th Cir. 1996) (motion to extend time in which to file motions tolls the running of the speedy trial clock); United States v. Davenport, 935 F.2d 1223, 1231 (5th Cir. 1991) (speedy trial clock tolled by co-defendant's motion to travel outside judicial district in which prosecution was pending); United States v. Mentz, 840 F.2d 315, 327 (6th Cir. 1988) (speedy trial clock tolled by defendant's motion to permit his parents to visit him in jail); United States v. Wilson, 835 F.2d 1440, 1442-43 (D.C. Cir. 1987) (speedy trial clock tolled by defendants' motions to modify conditions of pretrial release and to permit a tape recorder in a cell block).

In ruling on the instant motion, it bears noting that the Defendant has the burden of demonstrating that the Government has violated the STA. United States v. Gardner, 488 F.3d 700, 717 (6th Cir. 2007); United States v. Cope, 312 F.3d 757, 777 (6th Cir. 2002), cert. denied, 540 U.S. 871 (2003). See also, 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion [to dismiss the indictment based on a violation of the STA].").

The initial Indictment (Doc. #30) in this prosecution was filed on December 13, 2006. At that time, two Orders to Show Cause (Docs. ##23 and 24), directing the Defendant to appear and to show cause why his bond should not be

revoked were pending. The Orders had been entered as a result of a Pretrial Services Officer filing two Petitions for Action on Conditions of Pretrial Release. United States Magistrate Judge Michael Merz had conducted a hearing on those Orders on December 5, 2006. See Doc. #27. In addition, that judicial officer conducted a second day of hearings on December 14, 2006. See Doc. #28. However, the Magistrate Judge dissolved the Show Cause Orders for lack of jurisdiction, after learning that the Defendant had been indicted and that his prosecution had been assigned to the undersigned. See Doc. #29. As a consequence, this Court referred the matter to Judge Merz for a report and recommendations. See Doc. #32. Judge Merz then set a briefing schedule, authorizing the Government to file a an opening brief, the Defendant to file a responsive memorandum and the Government a reply. See Doc. #34. After the initial two memoranda had been filed in accordance therewith (see Docs. ##39 and 42), but before the time for the Government to file its reply had expired, the Defendant filed a Motion to Strike Bond Condition (Doc. #41) and two Motions to Suppress Evidence (Docs. ##45 and 46). Courts, including the Sixth Circuit, have held that periods of time spent resolving disputes concerning a defendant's bond are excludable under § 3161(h)(1) or subdivision (F) of that statutory provision. United States v. Lattanay, 982 F.2d 866 (3d Cir. 1992) (time spent resolving Government's motion for pretrial detention excludable under § 3161(h)(1)(F)); United States v. Savoca, 739 F.2d 220, 223 (6th Cir. 1984) (same), vacated on other grounds, 761 F.2d 292 (6th Cir.), cert. denied, 474 U.S. 852 (1985); United States v. Garrett, 720 F.2d 705, 709-10 (D.C. Cir. 1983) (time spent litigating a co-defendant's bond violation and subsequent bail hearing is excludable under

§ 3161(h)(1)). Accordingly, this Court concludes the speedy trial clock did not begin to run when the Indictment was returned and that it was not running when the Defendant filed his Motion to Strike Bond Conditions (Doc. #41), on January 22, 2007, and his Motions to Suppress Evidence (Docs. ##45 and 46), on January 29, 2007.[2] As a means of analysis, the Court will initially discuss the impact on the speedy trial clock of the Defendant's motions seeking suppression of evidence, following which it will address the same issue as it related to his Motion to Strike Bond Conditions (Doc. #41).

On March 2, 2007, this Court conducted an oral and evidentiary hearing on the Defendant's Motions to Suppress (Doc. #45 and 46). In accordance with the briefing schedule established by the Court (Doc. #59), the last memorandum concerning those motions was filed on May 3, 2007. See Doc. #65. Therefore, the 30-day period provided by § 3161(h)(1)(J) expired on Monday, June 4, 2007.[3] Putting aside for a moment the impact of Defendant's Motion to Strike Conditions

---

[2]Ultimately, Judge Merz noted that the underlying issue raised by the Orders to Show Cause, the constitutionality of provisions of the Adam Walsh Act, was also raised by the Defendant's Motion to Strike Bond Conditions (Doc. #41), which this Court had not referred. See Doc. #51. That, coupled with the Magistrate Judge's interpretation of this Court's order of reference, caused Judge Merz to conclude that nothing was pending for him to decide. Id. No party objected, and, as a result, there was and will be no action on the two Orders to Show Cause (Docs. ##23 and 24).

[3]Sunday June 3rd was actually the 30th day; however, when the final day of a period ends on a Sunday, the period runs until the following business day. See Fed. R. Crim. P. 45(a)(3); United States v. Salgudo, 250 F.3d 438, 454 (6th Cir.) (holding that principles concerning the computation of time, set forth in Rule 45, are applicable to computations of time under the STA), cert. denied, 534 U.S. 916 (2001).

of Bond (Doc. #41), the speedy trial clock began to run for the first time on that date.

With his Motion to Strike Bond Conditions (Doc. #41), Defendant challenged three conditions of his bond (Doc. #6), to wit: 1) that he comply with a specified curfew; 2) that he have no contact of any type with anyone under the age of 18, including his son; and 3) that he remain on 24-hour lockdown. On March 6, 2007, this Court conducted an oral, non-evidentiary hearing with counsel and the Pretrial Services Officer on that motion. See Doc. #56. At the conclusion of that oral hearing, the Court indicated that it would take the matter under advisement and requested that Defendant's counsel inform the Court of the status of proceedings in the state domestic relations court, within 45 days, or no later than Friday, April 20, 2007. Defendant's counsel did not provide any information to the Court on that date, or request additional time in which to provide such.[4] Therefore, the Court concludes that this matter was fully presented on April 20th, and the effect of Defendant's Motion to Strike Bond Conditions (Doc. #41), to prevent the speedy trial clock from running, expired on Monday, May 21, 2007, 30 days after April 20th. Accordingly, the Court concludes that the filing of Defendant's Motion to Strike Bond Conditions (Doc. #41) did not delay the commencement of the running of the speedy trial clock, beyond the period of tolling that resulted from the filing of

---

[4] On June 25, 2007, Defendant filed his Motion for Supervised Visitation and/or Communication with his Son and Renewed Motion to Strike or to Amend Conditions of Bond (Doc. #68). One could argue that, by filing that motion, Defendant complied with this Court's directive at the conclusion of the oral hearing conducted on March 6, 2007, to report on the status of matters in the domestic relations court. Accepting such an argument would result in further tolling of the speedy trial clock. However, given that this Court concludes that the STA has not been violated, without considering such an additional period of tolling, it is not necessary to consider such an argument herein.

the Defendant's Motions to Suppress (Docs. ##45 and 46), a period of tolling that expired on June 4, 2007.

Based upon the foregoing, this Court concludes that the speedy trial clock began to run on June 4, 2007. After two days had elapsed, however, the Government filed a motion requesting that the Court schedule a status conference. See Doc. #67. Although the Court did not formally rule on that motion, it scheduled a telephone conference call on June 14, 2007, to occur on July 5, 2007. Therefore, the speedy trial clock stopped running on June 6th, and did not begin to run again until June 14th. On June 25, 2007, Defendant filed a Motion for Supervised Visitation and/or Communication with his Son and Renewed Motion to Strike or to Amend Conditions of Bond (Doc. #68). Therefore, the running of the speedy trial clock was tolled on June 25th. Accordingly, as of that date, another 11 days had expired from the speedy trial clock, meaning that a total of 13 days had expired, leaving 57 non-excludable days in which to bring Ballato to trial.

On July 9, 2007, the Defendant filed his Reply Memorandum (Doc. #70), in support of his Motion for Supervised Visitation and/or Communication with his Son and Renewed Motion to Strike or to Amend Conditions of Bond (Doc. #68). In accordance with § 3161(h)(1)(J), the speedy trial clock would not begin to run again until Wednesday, August 8, 2007, 30 days after the Court had received the final memorandum concerning Defendant's Motion for Supervised Visitation and/or Communication with his Son and Renewed Motion to Strike or to Amend Conditions of Bond (Doc. #68).[5] On July 27, 2007, however, the Defendant

---

[5] In the interim, this Court did not rule on Defendant's Motion for Supervised Visitation and/or Communication with his Son and Renewed Motion to Strike or to Amend Conditions of Bond (Doc. #68).

appeared in open Court and waived his right to a speedy trial, until September 25, 2007, thus preventing the speedy trial act from running until that date.  See Doc. #72.  On September 24, 2007, the Defendant filed a Motion to Work and to Seek Employment (Doc. #81).  Less than 30 days later, the Defendant filed his Motion to Dismiss (Doc. #85).  This Court did not effectively rule on Defendant's Motion to Work and to Seek Employment (Doc. #81), until November 6, 2007, when it modified the conditions of Defendant's bond to permit him to work (see Doc. #92).  As a result, the speedy trial clock was stayed when the Defendant filed his motion, seeking dismissal as a result of an alleged violation of the STA.  Consequently, only 13 days had expired from the speedy trial clock, when Ballato filed that motion, far less than the 70 days permitted by § 3161(c).

Accordingly, the Court overrules Defendant's Motion to Dismiss (Doc. #85), to the extent that he argues therein that the charges set forth against him in the Superseding Indictment (Doc. #79) should be dismissed, because he had not been brought to trial in the time provided by the STA.

II.  Dismissal of Count 2 of the Superseding Indictment

As indicated, the Defendant also argues that the Court must dismiss Count 2 of the Superseding Indictment, because he was not indicted within the time provided by the STA.  Section 3161(b) governs the time in which an indictment must be brought under the STA and provides in pertinent part:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

In accordance with 18 U.S.C. § 3162(a)(1), a charge which was included in a complaint must be dismissed, unless an indictment containing that charge is filed within the time provided by § 3161(b), as extended by § 3161(h).[6] Thus, courts have held that a charge set forth for the first time in a superseding indictment can be dismissed, only if that charge was set forth in the initial complaint. See e.g., United States v. Watkins, 339 F.3d 167 (3d Cir. 2003) (and cases cited therein); United States v. Nabors, 901 F.2d 1351, 1355 (6th Cir. 1990) ("18 U.S.C. § 3162(a)(1) only requires the dismissal of the offense charged in the complaint ...."); United States v. Napolitano, 761 F.2d 135, 137 (2d Cir. 1985) (§ 3162(a)(1) requires dismissal only of "such charge against the individual contained in such complaint") (emphasis in original), cert. denied, 474 U.S. 842 (1985).

      Herein, the Complaint filed against the Defendant (Doc. #1) charged him with attempting to receive child pornography. In particular, that document alleges that he attempted to receive four magazines containing child pornography, to wit: Lolita #12, Nymph Lover #1, Lolita #17 and Incest #3. The identical charge, involving the same four magazines, is set forth in the Indictment (Doc. #30) and as Count 1 of the Superseding Indictment (Doc. #79). Count 2 of the Superseding Indictment, in contrast, charges Ballato with possessing child pornography on a computer hard drive, rather than an offense involving the four magazines that are the subject of the Complaint and Count 1 of the Superseding Indictment.

---

[6]Section 3162(a)(1) provides in pertinent part:
    (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Accordingly, the Court overrules Defendant's Motion to Dismiss (Doc. #85), as it relates to Defendant's assertion that the Court must dismiss Count 2 of the Superseding Indictment (Doc. #79), because he was not indicted for that offense within the time provides by the STA.[7]

April 8, 2008

/s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[7]Accordingly, there is no need for the Court to reach the issue of whether dismissal should be with or without prejudice.